UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VELMA STALNAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-00356 JAR |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on numerous motions filed by the parties including a Motion to Stay all Proceedings by Defendants Johnson & Johnson Consumer Inc. and Johnson & Johnson, Inc. (Doc. No. 7)[1]; a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim filed by specially-appearing Defendant PTI Royston, LLC (Doc. No. 19); a Motion to Dismiss for Lack of Jurisdiction filed by Defendant Cyprus Amax Minerals Co. (Doc. No. 22); a Motion to Dismiss for Failure to State a Claim filed by Defendant PTI Union, LLC (Doc. No. 26); a Motion to Dismiss for Lack of Jurisdiction filed by Defendant Cyprus Mines Corporation (Doc. No. 27); a Motion to Remand filed by Plaintiff (Doc. No. 43); a Motion for Telephonic Hearing on Plaintiff's Motion to Remand filed by Plaintiff (Doc. No 52); and a Motion to Expedite Ruling on Plaintiff's Motion to Remand (Doc. No. 53). The parties have also filed motions for extension of time (Doc. Nos. 54, 55, 56, 57), motions for leave to file under seal (Doc. No. 60), and motions to file in excess of page limitations (Doc. No. 44).

Plaintiff filed this lawsuit in the Circuit Court of the City of St. Louis alleging that the use of talc products caused her to develop peritoneal and/or ovarian cancer. The Johnson & Johnson

---

[1] Defendants PTI Royston, LLC, PTI Union, LLC, Cyprus Amax Minerals Company, and Cyprus Mines Corporation have all filed motions to join the Johnson & Johnson Defendants' motion to stay. (Doc. Nos. 24, 29, 32, 33).

1

Defendants removed the case to this Court on the grounds that diversity of citizenship exists because Defendants PTI Royston, LLC and PTI Union, LLC, while alleged to be Missouri citizens, are in fact citizens of Georgia and Florida, and thus were fraudulently joined. Defendants seek a stay of this matter pending its likely transfer to the multidistrict litigation now pending before Judge Freda Wolfson in the United States District Court for the District of New Jersey. See In re Johnson & Johnson Talcum Powder Mktg., Sales Practices & Prods. Liab. Litig., MDL No. 2738. Plaintiff seeks an expedited ruling on her motion to remand to state court prior to disposition of the Motion to Stay. The Court finds a stay is appropriate in this case and declines to address the other pending motions.

**Legal standard**

"A district court has inherent power to stay its proceedings." Simmons v. GlaxoSmithKline, LLC, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.'" Id. (quoting Bledsoe v. Janssen Pharm., No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)). When "considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." Lafoy v. Volkswagen Grp. of Am., Inc., No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted). "However, '[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed.'" Spears v. Fresenius Med. Care N Am., Inc., No. 4:13CV855 CEJ, 2013 WL 2643302, at 1 (E.D. Mo. June 12, 2013) (quoting TF. v. Pfizer, Inc.,

No. 4:12CV1221 CDP, 2012 WL 3000229, at *1 (E.D. Mo. July 21, 2012) (internal quotation omitted)).

**Discussion**

Defendants argue that a stay pending transfer would promote judicial economy and consistency of rulings. Further, Defendants assert that absent a stay, the Court will waste time supervising pretrial proceedings and ruling on motions in a case that will soon be transferred to the MDL court. Further, Defendants argue they will be significantly prejudiced and suffer hardship because they would be required to engage in duplicate discovery and motions practice. In response, Plaintiff contends that Johnson & Johnson's removal is a sham designed to cause delay to deprive her of her day in Court and that a stay of these proceedings would only reward the Johnson & Johnson Defendants for their fraud.

The Court finds that judicial economy weighs heavily in favor of granting a stay in this matter. "A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary." Simmons, 2015 WL 6063926, at *1. Further, the Court notes that in other recent cases presenting the same claims against the same Defendants and addressing the same stay and remand issues, the district judges stayed the proceedings pending transfer to the MDL panel. See Bathon v. Johnson & Johnson, No 4:19CV923 RLW (E.D. Mo. May 6, 2019); Kannady v. Johnson & Johnson, No. 4:19CV282 RLW (E.D. Mo. Feb. 27, 2019); Benford v. Johnson & Johnson, No. 4: 18-CV-1903 RLW (E.D. Mo. Nov. 28, 2018); Gavin v. Johnson & Johnson, No. 4:18CV212 RLW (E.D. Mo. Mar. 6, 2018); Johnson v. Johnson & Johnson, No. 4:17CV2651 SNLJ (E.D. Mo. Dec. 5, 2017); Jinright v. Johnson & Johnson, No. 4:17CV01849 ERW (E.D. Mo. Aug. 30, 2017); McBee v. Johnson & Johnson, No. 4:17CV01496 JAR (E.D. Mo. June 9, 2017); Ghormley v. Johnson & Johnson, No. 4:17CV585 CEJ (E.D. Mo. Apr. 27,

2017); Rice v. Johnson & Johnson, No. 4:17CV01224 CDP (E.D. Mo. Apr. 10, 2017); Rea v. Johnson & Johnson, No. 4:16CV2165 SNLJ (E.D. Mo. Feb. 22, 2017). The Court finds no reason to depart from these cases. Therefore, the Court will grant Defendants' motion to stay all proceedings in this matter pending transfer to the MDL court. The Court notes that Plaintiff will have a full and fair opportunity to present her arguments for remand to the MDL court in the event the case is transferred to MDL No. 2738.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Joinder in Motion to Stay All Proceedings by Defendants PTI Royston, LLC, PTI Union, LLC, Cyprus Amax Minerals Company, and Cyprus Mines Corporation [24, 29, 32, 33] are **GRANTED.**

**IT IS FURTHER ORDERED** that the Johnson & Johnson Defendants' Motion to Stay All Proceedings [7] is **GRANTED.** This case shall be **STAYED** pending a decision by the MDL Panel on whether to transfer this case to MDL No. 2738 in the United States District Court for the District of New Jersey.

**IT IS FINALLY ORDERED** that all other pending motions are **DENIED** without prejudice.

Dated this 10th day of April, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**